In the Matter of WILLIAM H. WALSH, Appellant and Respondent, against NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents and Appellants.

Submitted April 23, 1937; decided May 25, 1937.

*Jerome J. Wallner* for petitioner, appellant and respond-ent. The Appellate Division cannot create a question of fact by declaring that there is one, nor, by assuming to reverse on the facts, reverse a determination that does not involve a question of fact. (*Green* v. *Supreme*

*Council of Royal Arcanum*, 206 N. Y. 591; *Bini* v. *Smith*, 161 N. Y. 120; *Livingston* v. *City of Albany*, 161 N. Y. 602; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395.) The petitioner's pension rights are clearly protected by the express wording of section 3, chapter 637 of the Laws of 1932. (*Allen* v. *Stevens*, 161 N. Y. 122.) The term "employee," as used in chapter 427 of the Laws of 1920, includes all city employees whether employed at an annual rate of pay or on a per diem basis, and the laws thereafter enacted make no distinction between them as to rights and benefits. (*Schieffelin* v. *Berry*, 127 Misc. Rep. 178; *Matter of Poucher* v. *Teachers' Retirement Board*, 130 Misc. Rep. 896.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Ralph W. Thomas* of counsel), for defendants, respondents and appellants. Since the provisions in the Economy Act (L. 1932, ch. 637) requiring that the pension rights of employees whose pay cuts it authorizes be calculated with the old pay rate as a base, one whose pay the city had power to reduce apart from the Economy Act can claim no such right in respect of his pension. (*Thoma* v. *City of New York*, 263 N. Y. 402; *Ryan* v. *City of New York*, 177 N. Y. 271; *McAvoy* v. *City of New York*, 52 App. Div. 485; 166 N. Y. 588; *People ex rel. O'Loughlin* v. *Prendergast*, 219 N. Y. 377; *Schieffelin* v. *Leary*, 219 App. Div. 660; *Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395.)

RIPPEY, J. Petitioner applied for a peremptory mandamus order against defendants commanding them to use as the average compensation earnable during his last five years city service the sum of $2,737.50 in the place of and instead of the sum of $2,333.80 and to correct the annual allowance payable from the pension fund and the pension initial reserve accordingly and to make payments to him from January 1, 1936, in accordance with the

corrected figures. The Special Term granted the order. It was unanimously reversed by the Appellate Division upon the law and the facts and the motion denied, but without prejudice to an application for an alternative order of mandamus. Both parties appealed to this court, the defendants from so much of the order of the Appellate Division as provides "that the reversal shall be without prejudice to an application by the petitioner for an alternative order of mandamus."

On June 1, 1908, the petitioner was appointed as a pipe caulker in the Department of Water Supply, Gas and Electricity of the City of New York and assigned to work in the borough of Brooklyn. He joined the New York City Employees' Retirement System in 1920 and remained a member in good standing to and including December 31, 1935. On January 1, 1936, he was granted service retirement, at the age of sixty-six years, pursuant to a resolution of the Board of Estimate and Apportionment upon his own application, the resolution of the Board providing that the retirement was subject to later determination and fixation of the amount of the retirement allowance. On December 18, 1935, he was notified by the actuary for the system of the approximate calculation of such an allowance, to which he duly filed objections, asserting that the calculation did not comply with chapters 636, 637 and 639 of the Laws of 1932, with chapter 178 of the Laws of 1934, and with section 1 of chapter 536 of the Laws of 1934, amending section 2 of chapter 443 of the Laws of 1933. The Board directed, under date of March 6, 1936, the Comptroller of the City of New York to pay to petitioner an annual retirement allowance of $847.66 during his lifetime in equal monthly installments effective January 1, 1936, that being the amount to which he was entitled, computed on the basis of the average annual compensation earnable during the last five years of city service of $2,333.80 in lieu of the ordinary service retirement allowance of $1,081.08

under the provisions of option 1 selected by him. This direction was based upon the report of the actuary and the secretary of the Board dated February 29, 1936, in which it appears that the allowance was based upon the number of days during which the petitioner was actually employed during the first three of the last five years and on the 300-day year for the last two years of his service, as follows: 365 days at $7.50 per day for the year 1931; 335 days at the same rate for the year 1932; 317 days for the year 1933, and 300 days for each of the years 1934 and 1935 at the rate of $7 per day. On that basis the total earnings would have amounted to $11,669 for the five years or at the average earning of $2,333.80. This computation was made under rule 37 of the rules and regulations of the Board of Estimate adopted in 1924 which provided that the annual rate of earnable compensation to be used as a basis in computing contributions payable by the city and benefits derived therefrom should be determined (a) upon the annual rate of pay or (b) the per diem rate of pay multiplied by 300 or by such greater number of days in the year for which the employee is paid. Actually, petitioner was employed only 295 days in 1934 and 160 days in 1935. Petitioner claims and asserted in his objections that he had contributed to the retirement system for annuity purposes during his entire final compensation period on a 365-day basis, although he had been forced to take time off because of the emergency economy laws. He asserted that he had made these contributions in the belief that his pension rights would not be reduced by furlough or reduction.

The Appellate Division held that " a question of fact was presented as to whether or not the reductions were effected in accordance with the emergency legislation (Chap. 637, Laws of 1932), for the purpose of reducing the respondent's salary temporarily during the course of the emergency, or whether the reductions were of a permanent nature, independent of the emergency legislation,

and to make such salary conform to the prevailing rate of wages, pursuant to section 220 of the Labor Law " (Cons. Laws, ch. 31). It was undisputed that the retirement system accepted contributions on the basis of a seven-day week up to and including the year 1934, but the Appellate Division held that this act " must be considered in the light of all the facts and circumstances with respect to the intention of the parties at the time the reductions were made." The defendants admit that the reduction in petitioner's rate of pay from $7.50 per day to $7 per day commencing January 1, 1933, was not made pursuant to the provisions of the Economy Act and it was held by the Appellate Division that this admission is conclusive in an application of this character. In connection with that admission, defendants asserted that the reduction was determined upon pursuant to the provisions of the Labor Law and constituted a compliance with the Labor Law and that the placing of petitioner in the budget on the basis of a five and one-half day week was done pursuant to the provisions of the charter and not under the Economy Act, the city having taken into consideration past experience as to the particular class of labor in which petitioner was engaged, having regard to physical conditions, weather conditions, amount of work to be done, funds available, and the like.

Defendants assert that the petitioner occupied a position in the labor class and that his compensation was determined pursuant to section 56 of the Greater New York Charter (Laws of 1901, ch. 466, as amd.), which vested in the Board of Aldermen upon the recommendation of the Board of Estimate and Apportionment the power and imposed the duty to fix the salary of the petitioner and pursuant to section 220 of the Labor Law requiring the prevailing rate of wages for laborers and mechanics. At no time has the petitioner questioned this and it is conceded by the petitioner upon this appeal that the reduction of salary from $7.50 per day to $7 per day was rightfully made as claimed by defendants. The

right of the city of New York to make such reduction in salary and the methods employed by the city in so doing and the right to shorten the number of days of actual employment are conceded. It is settled that the petitioner is one of the employees of the city embraced within the provisions of subdivision 3 of section 220 of the Labor Law. (*McAvoy* v. *City of New York*, 52 App. Div. 485; affd., 166 N. Y. 588.)

Section 2 of chapter 637 of the Laws of 1932 (known as the Emergency Act) provides that " Notwithstanding any general, special or local law, ordinance or referendum, or the Greater New York charter, as amended, to the contrary, except as otherwise provided in this act, the board of aldermen of the city of New York, upon the recommendation of the board of estimate and apportionment of such city, shall have the exclusive power to fix the salary of each and every officer or person, * * * whose compensation, wholly or in part, is paid out of the city treasury, except that the provisions of this act shall not be construed to apply to or affect the provisions of the labor law, * * *." And section 3 of that act reads as follows: " Any reduction of salaries under the authority of this act or by the board of estimate and/or the board of aldermen of the city of New York in the adoption of the budget for the year nineteen hundred and thirty-three, and subsequent years during the pendency of the emergency, shall not reduce the pension or retirement rights or privileges of any city, county or state officer or employee whose salary or compensation, wholly or in part, is paid out of the city treasury, who, at the time of such reduction, is a member of a pension or retirement system. The contributions of a member of such a pension or retirement system shall continue on the basis of his now earnable salary or compensation unless such member shall signify in writing to the pension or retirement system of which he is a member, within thirty days after the first payment to him of salary or

compensation at such reduced rate, his election to have his benefits and obligations computed on the basis of his reduced earnable salary or compensation. In all cases where such member shall elect to contribute on the basis of his reduced salary or compensation, the contributions both of the public and of the member shall be computed and made on such basis." The act took effect on December 17, 1932.

It is the contention of defendants that section 3 has no application here inasmuch as the salary of petitioner was not reduced or fixed under the provisions of section 2 of the act, whereas the petitioner asserts that this was the only act referring to pensions and must be held applicable. During the years 1931, 1932, 1933 and 1934 there was deducted from the petitioner's earnings for pension purposes an amount based on yearly earnings of $2,737.50 (a seven-day week at $7.50 per day), and his annuity was determined in accordance with his accumulated deductions pursuant to section 1711 of the Greater New York Charter (added L. 1920, ch. 427). Petitioner did not signify in writing to defendants that he elected to have the benefits and obligations computed on the basis of reduced earnable salary or compensation as he might have done under section 3 of chapter 637 of the Laws of 1932.

There can be no question that the purpose of the Economy Act was to enable the city of New York to reduce salaries and compensation of employees of the city. A proper construction of section 3 indicates that that section applies to employees whose salaries have been reduced (1) under the authority of the act (2) by the Board of Estimate and/or the Board of Aldermen of the City of New York in the adoption of the budget. Thus that provision in regard to pensions does not apply exclusively to employees whose salaries are reduced under the authority given by section 2 of the act. It applies to all employees of the city of New York whose salaries

have been reduced either under that act or under any other authority which the city had.

There is no question of fact in this case.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court, and the appeal by the defendants dismissed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.